Citation Nr: 1801840 
Decision Date: 01/10/18 Archive Date: 01/23/18

DOCKET NO. 17-09 699 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Boston, Massachusetts


THE ISSUES

1. Entitlement to service connection for kidney disease.

2. Whether new and material evidence has been received to reopen a claim of entitlement to service connection for hypertension, claimed as elevated blood pressure.


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

The Veteran



ATTORNEY FOR THE BOARD

M. Purdum, Counsel


INTRODUCTION

The Veteran served on active duty from August 1953 to August 1957. 

This case comes before the Board of Veterans' Appeals (Board) on appeal from a November 2015 rating decision of a Department of Veterans Affairs (VA) Regional Office (RO) which denied the claim for service connection for kidney disease.

In November 2017, the Veteran testified via video-conference before the undersigned Veterans Law Judge, seated at the Board's Central Office in Washington, D.C. A transcript of the hearing has been associated with the claims file.

The November 2015 rating decision additionally denied the Veteran's petition to reopen his claim of entitlement to service connection for hypertension, claimed as elevated blood pressure. In an October 2016 Notice of Disagreement with an attachment, the Veteran stated that he believed that his blood pressure problem should be service connected. The RO has not, as yet, addressed this claim in a statement of the case (SOC). Manlincon v. West, 12 Vet. App. 238 (1999). Consequently, the Board has added this claim as a question on appeal and discusses it below.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2017). 38 U.S.C. § 7107(a)(2) (2012).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

The Veteran's main contention is that his kidney disease is secondary to hypertension; however, he is not service connected for hypertension. In the alternative, during the November 2017 Board hearing, his representative asserted entitlement to direct service connection on the basis that the Veteran's kidney disease is related to his in-service exposure to radio waves.

On remand, the AOJ should afford the Veteran a VA examination to determine whether his kidney disease is related to any in-service exposure to radio waves. In this regard, the Veteran's service personnel records, save for a completion certificate for coursework required to be a communication technician, are not associated with the claims file. On remand, the AOJ should obtain the Veteran's service personnel records.

The Veteran's most recent VA treatment records associated with the claims file are dated in September 2015. He has been treated privately, and discussed such during his November 2017 Board hearing. Limited private treatment records are associated with the claims file. On remand, the AOJ should obtain the Veteran's updated VA treatment records and make arrangements to attempt to obtain any outstanding relevant private treatment records.

Finally, as noted in the introduction above, the Veteran submitted a Notice of Disagreement in October 2016 expressing his disagreement with the November 2015 rating decision that declined to reopen his claim of entitlement to service connection for hypertension, claimed as elevated blood pressure. When a timely notice of disagreement (NOD) has been filed with regard to an issue, and a statement of the case (SOC) has not been issued, the appropriate Board action is to remand the issue to the agency of original jurisdiction for issuance of an SOC. See Manlincon, 12 Vet. App. 238. Accordingly, because no subsequent SOC has been issued with respect to the petition to reopen the claim for service connection for hypertension, under Manlincon, 12 Vet. App. at 240, the Board must instruct the RO that this issue, which is inextricably intertwined with the claim for service connection for kidney disease, remains pending in appellate status. See Harris v. Derwinski, 1 Vet. App. 180, 183 (1991) (two or more issues are inextricably intertwined if one claim could have significant impact on the other). In this regard, it is noteworthy that this claim is not before the Board at this time and will only be before the Board if the Veteran files a timely substantive appeal. 

Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. Make arrangements to obtain and associate with the Veteran's claims file his complete service personnel records.

2. Make arrangements to obtain and associate with the Veteran's claims file his VA treatment records dated since September 2015.

3. Provide the Veteran with VA Forms 21- 4142, Authorization and Consent to Release Information to the Department of Veterans Affairs, and request that he complete and submit such in order to obtain any outstanding relevant private treatment records from the physicians discussed during his November 2017 Board hearing, Drs. Driscoll, Rubel, and Shelkrot. Advise him that he may supplement the record with any records if he so chooses. Obtain and associate with his claims file any identified and authorized private treatment records. Any and all responses, including negative responses, must be properly documented in the claims file. If a negative response is received from any facility, the Veteran must be duly notified and provided an opportunity to submit such records.

4. After the above records have been obtained, schedule the Veteran for a VA examination to determine the etiology of any kidney disease. A complete examination, including any required diagnostic tests, should be completed. 

The examiner should opine as to whether it is at least as likely as not (at least a 50 percent probability) that the Veteran's kidney disease had its onset during service, considering the Veteran's in-service responsibilities as a communication technician in the 1950s that he claims exposed him to radio waves and/or electromagnetic fields. 

The claims file, to include a copy of this remand, should be made available to the examiner for review in conjunction with the examination, and the examiner should note such review. A complete rationale should be provided for all opinions given. 

5. Issue a statement of the case to the Veteran addressing the matter of whether new and material evidence has been received to reopen a claim of entitlement to service connection for hypertension, claimed as elevated blood pressure. The Veteran must be advised of the time limit for filing a substantive appeal. 38 C.F.R. § 20.302(b). Then, only if the appeal is timely perfected, this issue is to be returned to the Board for further appellate consideration, if otherwise in order.

6. After ensuring any other necessary development has been completed; readjudicate the Veteran's claim for service connection for kidney disease considering any additional evidence added to the record. If any action remains adverse to the Veteran, provide the Veteran and his representative with a Supplemental Statement of the Case and allow the Veteran an appropriate opportunity to respond thereto. Thereafter, return the case to the Board.

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).


This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C. §§ 5109B, 7112 (2012).



_________________________________________________
P.M. DILORENZO
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C. § 7252 (2012), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2017).